# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **BRAD JENNINGS**, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Case No.18-03261-CV-S-NKL |
| **SGT. DAN NASH, MICHAEL RACKLEY, and DALLAS COUNTY** | ) |
| Defendants. | ) |

## PLAINTIFF'S ANSWER TO AND MOTION TO STRIKE DEFENDANT NASH'S AFFIRMATIVE DEFENSES

**COMES NOW** Plaintiff Brad Jennings, by and through his attorneys, and for his Answer to and Motion to Strike Defendant Nash's Affirmative Defenses and states as follows:

## ANSWER

1.) Plaintiff denies the First Affirmative Defense that Plaintiff has failed to state a claim under Rule 12(b)(6) and states that the defense is inadequately alleged because it contains no supporting facts or law, and, instead is mere boilerplate.

2.) Plaintiff denies the Second Affirmative Defense of Qualified Immunity and states that the defense is inadequately alleged because it contains no supporting facts or law, and, instead, is mere boilerplate.

3.) Plaintiff denies the Third Affirmative Defense of Official Immunity and states that the defense is inadequately alleged because it contains no supporting facts or law, and, instead, is mere boilerplate.

4.) Plaintiff denies the Fourth Affirmative Defense of Public Duty Doctrine and states that the defense is inadequately alleged because it contains no supporting facts or law, and, instead, is mere boilerplate.

5.) Plaintiff denies the Fifth Affirmative Defense of the Statute of Limitations and states that the defense is inadequately alleged because it contains no supporting facts or law, and, instead, is mere boilerplate.

6.) Plaintiff denies the Sixth Affirmative Defense of Plaintiff's alleged Failure to Mitigate his Damages and states that the defense is inadequately alleged because it contains no supporting facts or law, and, instead, is mere boilerplate. This failure is particularly prejudicial in that, by alleging no facts in support, Plaintiff's ability to draft precise discovery requests is severely inhibited.

7.) Plaintiff denies the Seventh Affirmative Defense of Plaintiff's non-entitlement to Punitive Damages against Defendant Nash and states that the defense is inadequately alleged because it contains no supporting facts or law, and, instead, is mere boilerplate.

8.) & 9.) Incorporating by Reference Affirmative Defenses which have not been alleged by other parties or may possibly be discovered in the future is insufficient because it is unduly vague, contains no supporting facts or law and is mere boilerplate.

**Wherefore,** Plaintiff prays the Court for its order striking Defendant Nash's affirmative defenses.

By: /s/ Robert B. Ramsey #28312MO
Law Office of Robert Brooks Ramsey LLC
1010 Market St.   Suite 1520
St. Louis, Mo.  63101
314-368-7634
rbramsey7@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I served Plaintiff's answer to and motion to strike Defendant Nash's affirmative defenses to all attorneys of record on this 8th day of October, 2018 by using the Court's e-filing system.

By:
/s/ Robert B. Ramsey, #28312 (MO)
1010 Market St.  Suite 1520
St. Louis, Mo.   63101
314-368-7634-Phone
rbramsey7@gmail.com