# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| BRAD JENNINGS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:18-cv-03261-NKL |
| SGT. DANIEL F. NASH, et al., | ) |
| Defendants. | ) |

**ORDER**

Before the Court are Brad Jennings' motions to strike defendants Daniel Nash, Michael Rackley, and Dallas County's affirmative defenses, Docs. 23 and 45. For the following reasons, Jennings' motions to strike are granted in part and denied in part.

## I. Background

Jennings filed suit against defendants Nash, Rackley, and Dallas County, alleging a conspiracy amongst the defendants to suppress and fabricate evidence, resulting in Jennings' wrongful conviction for the murder of his wife. Defendant Nash filed his Answer, including several "affirmative and other defenses": 1.) Jennings has failed to state a claim for which relief can be granted; 2.) Nash is protected from liability by qualified immunity; 3.) Nash is protected from liability by official immunity; 4.) Nash is protected from liability by the public duty doctrine; 5.) Jennings' claims are barred by the applicable statutes of limitations; 6.) Jennings failed to mitigate damages; and 7.) Jennings is not entitled to punitive damages. Doc. 18 (Nash Answer), pp. 10–11. Nash's Answer also seeks to incorporate "any other affirmative defenses pled by any other defendant to this cause of action" and "each and every additional affirmative defense that

may be uncovered or made known" through discovery. *Id.* at 11. Defendants Rackley and Dallas County also assert the affirmative defenses that Jennings failed to "mitigate his damages" and that his "claims are barred by the applicable statute of limitations." Doc. 39 (Rackley and Dallas County Answer), pp. 12, 13. Like Nash, Rackley and Dallas County also seek to incorporate by reference "each and every affirmative defense set forth by any other Defendant" and to "reserve the right to assert and plead additional affirmative defenses." *Id.* at 13. Jennings subsequently filed motions to strike each of the Defendants' "affirmative defenses." Doc. 23 (Motion to Strike Nash), p. 2;[1] Doc. 45 (Motion to Strike Rackley/Dallas County), pp. 1–2 (moving to strike Rackley and Dallas County's ninth and thirteenth affirmative defenses and incorporating by reference Docs. 23 and 24 (Suggestions in Support of Motion to Strike)).

**II.     Discussion**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure a court may strike from a pleading an insufficient affirmative defense or "any redundant, immaterial, impertinent, or scandalous matter." While courts have "liberal discretion" to strike pleadings under Rule 12(f), striking a party's pleading is an "extreme measure" that is "viewed with disfavor and infrequently granted." *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations and citations omitted).

---

[1] Nash's fourth defense, immunity from liability based on the public duty doctrine, is not an affirmative defense. *Wheeler v. Lynn*, No. 4:10-CV-00966-DGK, 2011 WL 2182540, at *2 (W.D. Mo. June 3, 2011) ("The public duty doctrine is not an affirmative defense, but rather delineates the legal duty the defendant public employee owes the plaintiff." (quoting *Southers v. City of Farmington*, 263 S.W.3d 603, 612 (Mo. 2008))). Likewise, Nash's seventh defense is not an affirmative defense; it is merely a denial that Jennings has met his burden of demonstrating that he is entitled to punitive damages. As Jennings has only requested that the Court strike "Nash's affirmative defenses," Doc. 23, p. 2, Nash's fourth and seventh defenses are not addressed in this Order.

Jennings argues that Defendants' affirmative defenses should be stricken because they are "mere boilerplate" assertions, which lack sufficient factual support to meet the pleading standard established for complaints in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Doc. 23, p. 2. In support of his motions, Jennings cites to *Birabent v. Hudiburg Auto Grp., Inc.*, No. CIV-11-1189-M, 2012 WL 1438921, at *2–3 (W.D. Okla. Apr. 25, 2012), which extended *Twombly* pleading standards to affirmative defenses.

Neither the Supreme Court nor the Eighth Circuit have addressed the applicability of the plausibility standard to affirmative defenses, and there is no consensus within the federal district courts of the Eighth Circuit, including the Western District of Missouri. *Cincinnati Ins. Co. v. The Missouri Highway & Transp. Comm'n*, No. 4:12-CV-01484-NKL, 2014 WL 12585788, at *6 (W.D. Mo. Jan. 17, 2014).[2] Indeed, no federal appellate court has resolved the issue. *Romero v. Makan*, No. 518CV353ODWSHKX, 2018 WL 3244492, at *1 (C.D. Cal. July 3, 2018) ("Neither the Supreme Court nor any of the circuit courts have addressed whether the heightened pleading standard applies to affirmative defenses[.]").

The district courts that have found that *Twombly* applies to affirmative defenses reason that: 1.) It is unfair to hold claimants to a different pleading standard than defendants (For example, contributory negligence is an affirmative defense that effectively has the same elements of a claim for negligence. Why must a negligence claim be plausibly plead but the affirmative defense of

---

[2] *See also Bigfoot on the Strip, LLC v. Winchester*, No. 18-3155-CV-S-BP, 2018 WL 4904948, at *1 (W.D. Mo. Oct. 9, 2018) (concluding "*Iqbal* and *Twombly* do not apply to affirmative defenses"); *Fed. Trade Comm'n v. BF Labs. Inc.*, No. 4:14-CV-00815-BCW, 2015 WL 12806580, at *2 (W.D. Mo. Aug. 28, 2015) (same); *Cope v. Let's Eat Out, Inc.*, No. 6:16-CV-03050-SRB, 2017 WL 1425838, at *1 (W.D. Mo. Apr. 18, 2017) (reviewing cases and holding *Twombly* standards apply to affirmative defenses); *Philadelphia Indem. Ins. Co. v. Greater KC Linc, Inc.*, No. 15-00947-CV-W-DGK, 2016 WL 3129290, at *1 (W.D. Mo. June 2, 2016) (applying heightened pleading standard to affirmative defenses).

contributory negligence only be listed without identifying the negligent acts?); 2.) A defendant has the burden of proof on an affirmative defense and so should be required to meet the pleading standard applicable to a claimant; 3.) Applying *Twombly* to affirmative defenses will weed out boilerplate affirmative defenses that are cut and pasted rather than tailored to a claimant's allegations; 4.) Federal Rule of Civil Procedure 8 applies generally to claims and defenses without any express statement that a different pleading standard applies to each, in contrast with Rule 9, which expressly applies a heightened pleading standard; 5.) Prior to *Twombly*, no federal court held that an affirmative defense and a claim were subject to a different pleading standard; and 6.) If *Twombly* is good public policy, that public policy is equally applicable to affirmative defenses.

The district courts that have held that *Twombly* does not apply to affirmative defenses have reasoned that: 1.) Textual differences between Rule 8(a) and (c) support a two-tier pleading standard—Rule 8(a) requires a claimant to make "a short and plain statement of the claim showing that the pleader is entitled to relief," whereas Rule 8(c) requires a party responding to a pleading to "affirmatively state any avoidance or affirmative defense"; and 2.) It is unfair to impose a plausibility pleading standard on a defendant who has a mere 21 days to answer, unlike a plaintiff who may have had months or years to investigate a claim before pleading.[3]

District judges in the Eighth Circuit have also reasoned that Eighth Circuit precedent, predating *Twombly*, supports the proposition that "affirmative defenses 'need not be articulated with any rigorous degree of specificity' and are 'sufficiently raised for purposes of Rule 8 by [their] bare assertion.'" *Liguria Foods, Inc. v. Griffith Labs., Inc.*, No. C14-3041-MWB, 2014 WL 6066050, *4 (N.D. Iowa Nov. 13, 2014) (quoting *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361

---

[3] This argument is undermined by the fact that Rule 8(a) applies to all claims including cross claims, counterclaims and third-party claims, which generally must be filed as part of the Answer, i.e., within 21 days.

(8th Cir. 1997)); *see also Bigfoot on the Strip*, 2018 WL 4904948, at *1; *Infogroup, Inc. v. Database LLC*, 95 F. Supp. 3d 1170, 1193 (D. Neb. 2015); *BF Labs. Inc.*, 2015 WL 12806580, at *2; *U.S. Bank Nat. Ass'n v. Educ. Loans Inc.*, No. CIV. 11-1445 RHK/JJG, 2011 WL 5520437, at *6 (D. Minn. Nov. 14, 2011).[4] These judges reason that *Zotos* remains controlling precedent because *Twombly* did not address the pleading standard for defenses.

Because the Court concludes that its resolution of Jennings' motions to strike will be the same regardless of whether *Twombly* is or is not applied, the Court need not take a position on this interesting debate. A defendant must, at a minimum, give fair notice to the opposing party because *Twombly* "did not abrogate the notice pleading standard." *Hamilton v. Palm,* 621 F3d 816, 817 (8th Cir. 2010). The Court has found no authority that suggests otherwise.

However, the level of detail required to provide notice varies depending upon the defense asserted. For example, an assertion of "statute of limitations" will provide sufficient notice in most cases because the complaint has defined the parameters of the claim, generally making the applicable statute of limitations obvious. Requiring a pleader to cite to the controlling statute or provide further explanation would be a mere technicality, inconsistent with the concept of notice pleading. On the other hand, there are other affirmative defenses, which by their mere assertion will fail to give notice. Thus, the relevant question is whether merely stating an affirmative defense gives notice or something more is needed. With that in mind, the Court turns to the affirmative defenses challenged in Jennings' motions to strike.

---

[4] This Court interprets *Zotos* as requiring a district judge to permit a defendant to state by bare assertion a statute of limitations defense, the only affirmative defense addressed by the Eighth Circuit in its opinion. Nowhere does the Eighth Circuit say, nor does its reasoning imply, that the bare assertion standard applies to all affirmative defenses.

5

Nash's second affirmative defense asserts that he "is protected from liability and suit by the doctrine of qualified immunity." Doc. 18, p. 11. Nash's third defense similarly asserts that he "is protected from liability and suit on Plaintiff's state law claims by official immunity." *Id.* In other words, Nash asserts that his conduct alleged in the Complaint "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (qualified immunity), and that he cannot be held liable for "alleged acts of negligence committed during the course of [his] official duties" (official immunity). *Boude v. City of Raymore, Missouri*, 855 F.3d 930, 933, 935 (8th Cir. 2017) (quotations and citations omitted). That is what qualified and official immunity mean. Read in conjunction with the Complaint, it is clear that these defenses rest on the factual assertion that Nash was at all relevant times to the suit a Missouri State Highway Patrol Detective, employed by the state of Missouri. Doc. 1 (Complaint), ¶ 4. Their basis is apparent from their assertion, and specific facts are not necessary at the pleading stage to render them plausible. Thus, regardless of the standard applied, Nash has given Jennings fair notice of his asserted affirmative defenses of qualified and official immunity.

Nash's fifth affirmative defense—that Jennings' "claims are barred by the applicable statutes of limitations"—similarly provides sufficient notice. Doc. 18, p. 11. Jennings' claims are based on conduct which allegedly occurred prior to his August 19, 2009 conviction. Doc. 1, ¶ 7. This establishes a factual basis for Nash's statute of limitations defense. Nash has stated his affirmative defense in short and plain terms, which themselves are sufficient to provide Jennings fair notice. For the same reasons, Jennings' motion to strike defendants Rackley and Dallas County's statute of limitations defense is denied.

Nash's sixth and Rackley and Dallas County's ninth affirmative defenses, however, assert that Jennings, "failed to mitigate his damages." Doc. 18, p. 11; Doc. 39, p. 12. Here, even in

6

conjunction with the Complaint and other pleadings in the case, the defense fails to illuminate the grounds upon which the defense rests. Simply listing failure to mitigate as an affirmative defense gives no notice of what Jennings allegedly could or should have done to limit his damages. The basic requirements of notice pleading have not been met. Thus, Nash's sixth and Rackley and Dallas County's ninth affirmative defense are stricken.

Jennings also argues that certain of Defendants' affirmative defenses are "inappropriate" and should be stricken for that reason. Doc. 24, p. 2. Nash's first affirmative defense states: "Plaintiff has failed to state a claim upon which relief can be granted." Doc. 18, p. 10. Rackley and Dallas County assert the same in their third affirmative defense. Doc. 39, p. 11. Failure to state a claim is an improper affirmative defense; such an assertion is appropriate as a motion to dismiss. *See* Fed. R. Civ. P. 8(c)(1), 12(b); *see also Celebrity Signatures Int'l, Inc. v. HairTech Int'l, Inc.*, No. 10-00939-CV-W-GAF, 2011 WL 13234158, at *3 (W.D. Mo. May 3, 2011) (striking defense of failure to state a claim as an "improper affirmative defense"). Therefore, Nash's first and Rackley and Dallas County's third affirmative defenses are stricken.

Nash's eighth and ninth defenses attempt to incorporate by reference "any other affirmative defenses pled by any other defendant to this cause of action" and "each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case." Doc. 18, pp. 11–12. Defendants Rackley and Dallas County's fourteenth and fifteenth affirmative defenses assert the same. Doc. 39, p. 13. However, affirmative defenses not pled but that come to light during discover "are not automatically incorporated into an answer, and a party cannot 'reserve the right' to amend its answer once an affirmative defense is discovered." *Constr. Indus. Laborers, Pension Fund v. Wellington Concrete, LLC*, No. 4:15-CV-804 CAS, 2016 WL 1275605, at *4 (E.D. Mo. Mar. 31, 2016). Amendments to pleadings, including amendments

7

to a defendant's answer to include additional affirmative defenses, are subject to Federal Rule of Civil Procedure 15. For this reason, the Court strikes Nash's eighth and ninth and Rackley and Dallas County's fourteenth and fifteenth affirmative defenses.

**III.    Conclusion**

Jennings' motion to strike defendant Nash's affirmative defenses, Doc. 23, is granted in part and denied in part. The Court strikes Nash's first, eighth, and ninth defenses as improper. The Court also strikes Nash's sixth affirmative defense for failure to provide fair notice.

Jennings' motion to strike defendants Rackley and Dallas County's affirmative defenses, Doc. 45, is granted in part and denied in part. The Court strikes Rackley and Dallas County's third, fourteenth, and fifteenth defenses as improper. The Court also strikes Rackley and Dallas County's ninth affirmative defense for failure to provide fair notice.

However, the Court will grant Defendants ten days from the date of this order within which to amend their answers to include additional information in support of their asserted failure to mitigate affirmative defenses.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: <u>January 22, 2019</u>  
Jefferson City, Missouri