# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

BRAD JENNINGS,

        Plaintiff,

v.

DANIEL F NASH, et al.,

        Defendants.

Case No. 6:18-cv-03261-NKL

**ORDER**

Plaintiff Brad Jennings moves for leave to file an amended complaint to assert claims against a new defendant, Missouri State Highway Patrol ("MSHP") Lieutenant George Knowles. Doc. 82.[1] For the following reasons, Jennings' motion is granted.

**I.    Background**

Pursuant to the Court's Scheduling Order, the deadline to amend the pleadings and to join additional parties was on November 13, 2018. Doc. 27, pp. 1–2. Jennings filed his motion for leave to amend the Complaint to assert claims against Knowles, defendant Daniel Nash's direct supervisor, on April 3, 2019, after the deadline prescribed by the Scheduling Order. In the proposed amended complaint, Jennings seeks to assert claims against Knowles for his alleged failure to supervise Nash and engagement in a conspiracy to cover up that misconduct. Defendant Nash opposes amendment. Doc. 88 (Defendant Nash's Response). Defendants Dallas County and

---

[1] Jennings' motion for leave to amend, Doc. 82, contains material and references to material designated as confidential by the MSHP pursuant to the Protective Order in this case, Doc. 53, including personnel records and internal communications. A redacted version, including all exhibits not designated confidential pursuant to the Protective Order, is available at Doc. 83.

Michael Rackley have no objection. Doc. 87 (Defendants Dallas County and Michael Rackley's Response).

## II. Discussion

A motion for leave to amend filed outside of the Court's scheduling order requires a showing of "good cause" pursuant to Federal Rule of Civil Procedure 16(b)(4). *Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017). The "primary measure of good cause is the movant's diligence." *Id.* at 1034 (quoting *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014)). It is most frequently established where amendment is predicated on a "change in the law," "newly discovered facts," or some "other changed circumstance." *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 718 (8th Cir. 2008); *see also Fed. Trade Comm'n v. Next-Gen, Inc.*, No. 4:18-CV-00128-DGK, 2018 WL 5310416, at *4, 6 (W.D. Mo. Sept. 24, 2018) (granting leave to amend to assert claims against additional parties based on newly discovered facts).

Jennings argues that there is good cause to amend because his proposed amendments are based upon newly discovered facts regarding "the role of Lt. Knowles" in his case. Doc. 82, p. 5. Jennings asserts that the facts presented in Nash's personnel file and professional standards division file received by counsel on December 21, 2018 and internal investigation file received by counsel on March 15, 2019 support granting leave to amend. Specifically, Jennings points to evidence that Knowles: made statements concerning the procedure for distributing laboratory test results consistent with Nash, but inconsistent with other witnesses and met with county law enforcement officials during which concerns about Nash's behavior were discussed but took no action. Jennings also identifies reports from Nash's personnel file, including a negative performance evaluation, of which he asserts "Knowles was or should have been aware." Doc. 82, p. 4.

Defendant Nash argues that the alleged newly discovered facts cited by Jennings "are inadequate to support claims of improper supervision by Knowles or of conspiracy between Knowles and Nash." Doc. 88, p. 2. However, Nash provides no authority in support of his position or that would permit him to argue the merits of Jennings' allegations on behalf of Knowles.

Nash also asserts that Jennings learned of the existence of a MSHP investigation of Nash's conduct in the Jennings case at a much earlier date than alleged in Jennings' motion. Nash asserts that Jennings' counsel was made aware of the MSHP investigation on May 25, 2018, when Colonel Sandra Karsten, of MSHP informed Jennings' counsel that an inquiry into Nash's conduct was already underway. *See* Doc. 88-2 (May 25, 2018 Letter from Colonel Karsten to Mr. Ramsey). Jennings asserts that his counsel did not learn "of the existence of a *formal* internal investigation" until being served with Nash's amended interrogatory answers on January 28, 2019 and that he immediately requested all files and evidence related to the investigation the following day. Doc. 89, p. 2 (emphasis added). However, regardless of when Jennings' counsel was or should have been aware of MSHP's internal investigation of Nash's conduct, it is undisputed that the investigation files and facts contained therein were not produced to Jennings' counsel until March 15, 2019, after the amendment deadline. Jennings sought leave to amend his Complaint to assert additional claims against Knowles supported by this new information less than three weeks later. Nash does not otherwise suggest that Jennings has not been diligent in pursuing discovery. Thus, the Court concludes that Jennings has been diligent in pursuing discovery and seeking leave to amend.

Nash has not argued that granting leave to amend would prejudice him or the other defendants. Nor has Nash asserted any other argument that would advise against granting leave to amend under Rule 15. Thus, the Court grants Jennings' motion for leave to amend.

### III.    Conclusion

For these reasons, Jennings' motion for leave to file an amended complaint, Doc. 82, is granted.  The First Amended Complaint must be filed within seven days of the date of this Order.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  May 13, 2019  
Jefferson City, Missouri