**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

BRAD JENNINGS,

                          Plaintiff,

v.                                            Case No. 6:18-cv-03261-NKL

DANIEL F NASH, et al.,

                          Defendants.

**ORDER**

Plaintiff Brad Jennings moves to strike defendant Daniel Nash's fifth defense. Doc. 107. For the following reasons, Jennings' motion is denied.

**I.      Background**

Jennings' wife, Lisa Jennings, died of a single gunshot wound in the early hours of Christmas Day 2006. Despite early investigations concluding that her death was a suicide, Missouri State Highway Patrol Sergeant Nash, in conjunction with the Dallas County Police Department, re-opened the investigation at the urging of a family member. After a jury trial, where Nash was the State's key witness, Jennings was found guilty of killing his wife and sentenced to prison. He appealed, *State v. Jennings*, 322 S.W.3d 598 (Mo. Ct. App. 2010), and moved for post-conviction relief, *Jennings v. State*, 406 S.W.3d 52 (Mo. Ct. App. 2013), but neither challenge was successful.

In 2015, Jennings's new counsel discovered negative gunshot residue ("GSR") test results of the robe Jennings had been wearing on the night of Lisa Jennings' death. Jennings petitioned for habeas corpus, arguing in part that nondisclosure of the GSR results violated *Brady v. Maryland*, 373 U.S. 83 (1963). The habeas court "credited Jennings's evidence; concluded that

*Brady* had been violated; and ordered that Jennings's convictions be vacated and he be released from custody unless the Missouri Attorney General schedule[d] [Jennings] for retrial within 120 days." *State ex rel. Hawley v. Beger*, 549 S.W.3d 507, 510 (Mo. Ct. App. 2018) (quotations omitted).

After the Circuit Court granted Jennings habeas corpus, the State filed a writ of certiorari in the Missouri Court of Appeals alleging that Jennings knew or should have known about the undisclosed GSR results in time to raise it on his direct appeal or during Rule 29.15 post-conviction relief proceedings. However, the Missouri Court of Appeals refused to quash the record of the habeas court and found "no basis to charge Jennings with scienter of state-ordered, state-conducted, and state-handled testing that was unknown to the prosecution team or its key trial witness [Nash]." *Beger*, 549 S.W.3d at 512, n.8 ("The State's admitted failure to ever, let alone timely, disclose this critical evidence renders particularly repugnant the State's argument that [Jennings] should have earlier discovered the undisclosed [evidence] in time to raise it on direct appeal or in his Rule 29.15 motion." (quotations omitted)). The Missouri Court of Appeals concluded that "Jennings's *Brady* claim was not procedurally barred." *Id.* at 512. In July 2018, the Missouri Attorney General filed a nolle prosequi.

On August 16, 2018, Jennings filed this suit, seeking to hold Defendants liable for an alleged conspiracy to fabricate evidence and suppress exculpatory evidence, including GSR results. In his Answer to Jennings' Amended Complaint, defendant Nash, in his fifth defense, asserts: "Plaintiff failed to mitigate his damages in that he was aware of the issues that were eventually ruled in his favor which resulted in the grant of habeas relief for years before he raised these issues." Doc. 98 (Nash Answer), p. 13. In response, Jennings filed the motion to strike currently pending before the Court.

## II.    Discussion

Jennings asks the Court to strike Nash's fifth defense on the grounds that he is "collaterally estopped" from asserting a defense previously litigated and rejected by the Missouri Court of Appeals.  Doc. 107 (Plaintiff's Motion to Strike), p. 2.  Federal courts generally must give a state-court judgment the same preclusive effect it would be given under the law of the state in which the judgment was rendered.  *Migra v. Warren City. Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under Missouri law, collateral estoppel precludes the re-litigation of an issue when (1) the issue previously decided is "identical to the issue presented in the present action"; (2) the "prior adjudication resulted in a judgment on the merits"; (3) the "party against whom collateral estoppel is asserted was a party or was in privity with a party to the prior adjudication"; and (4) the party against whom collateral estoppel is asserted had "a full and fair opportunity to litigate the issue in the prior suit."  *Royal Ins. Co. of Am. v. Kirksville Coll. of Osteopathic Med., Inc.*, 304 F.3d 804, 807 (8th Cir. 2002) (quoting *James v. Paul*, 49 S.W.3d 678, 682 (Mo. 2001)).

Jennings argues that Nash is collaterally estopped from asserting his fifth defense because the Missouri Court of Appeals rejected the identical argument in a judgment on the merits.  *See Beger*, 549 S.W.3d at 512 (finding "no basis to charge Jennings with scienter of state-ordered, state-conducted, and state-handled testing that was unknown to the prosecution team or its key trial witness who had sought such testing").  Jennings asserts that Nash is in privity with the State because both the State and Nash "exhibited interests in the prior litigation because they both endeavored to defeat Plaintiff's habeas corpus claims and uphold his convictions for murder."  Doc. 108 (Suggestions in Support of Motion to Strike), p. 4.  Jennings also asserts that because the State "is obligated to insure Defendant Nash for his liability" pursuant to the state legal expense

fund, Mo. Rev. Stat § 105.71, the State "stands in the shoes of" Nash such that privity exists. Doc. 123 (Plaintiffs' Supplemental Suggestions), p. 8.

However, for Nash to be in privity with the State for collateral estoppel purposes the State must have "represented the same legal right" in the underlying proceedings. *Gamble v. Browning*, 379 S.W.3d 194, 199 (Mo. Ct. App. 2012) ("Parties are in privity for collateral estoppel purposes if the interests of the non-party are so closely related to the interests of the party, that the non-party can be fairly considered to have had his day in court." (quotations omitted)). "[P]rivity does not exist merely because a person 'happen[s] to be interested in the same question, or in proving or disproving the same state of facts.'" *Duncan v. Clements*, 744 F.2d 48, 52 (8th Cir. 1984) (quoting *Am. Polled Hereford Assoc. v. Kansas City*, 626 S.W.2d 237, 241 (Mo. 1982)).

The Eighth Circuit Court of Appeals has concluded that "[t]he interests of the State of Missouri in a criminal proceeding are not identical to those of an individual officer such as [Nash]." *Duncan*, 744 F.2d at 51–52; *see also Moore v. City of Desloge, Mo.*, 647 F.3d 841, 847 (8th Cir. 2011) (concluding offensive collateral estoppel was not appropriate against an officer).[1] In *Duncan*, the plaintiff, who successfully suppressed evidence in a prior criminal proceeding because of an illegal search and seizure by the defendant police officer, sought to prevent the

---

[1] Although neither party referenced *Duncan* or *Moore* in their briefing, the Court provided the parties the opportunity to do so through supplemental briefing. *See* Doc. 121 (July 21, 2019 Order) ("In light of *Duncan v. Clements*, 744 F.2d 48 (8th Cir. 1984) and *Moore v. City of Desloge, Mo.*, 647 F.3d 841 (8th Cir. 2011), if either party wishes to supplement their briefing regarding Plaintiff's motion to strike defendant Nash's fifth defense, Doc. 107, they should do so on or before July 29, 2019."). In his reply, Jennings asserts for the first time that "Nash lacks standing to re-litigate the procedural default issue." Doc. 123, p. 2. However, this argument not only lacks merit but also is foreclosed because it was not raised in the original motion papers. *See United States v. Meyer*, 914 F.3d 592, 596 (8th Cir. 2019) ("We need not consider these claims because they appear for the first time in a reply brief."); *Myers v. KNS Dev. Corp.*, No. 2:17-CV-04076-NKL, 2017 WL 4202242, at *5 (W.D. Mo. Sept. 21, 2017) ("Because this argument was raised for the first time on reply, the Court will not address it.").

officer from relitigating the constitutionality of the plaintiff's arrest and search in a subsequent section 1983 action. 744 F.2d at 51. However, collateral estoppel was not appropriate because the officer against whom it was asserted, "was neither a party nor in privity with a party to the prior state criminal proceeding." *Id.* The court reasoned: "'[T]he purpose of a criminal court is not to provide a forum for the ascertainment of private rights. Rather it is to vindicate the public interest in the enforcement of the criminal law.'" *Id.* at 52 (quoting *United States v. Standefer*, 447 U.S. 10, 25 (1980)). Thus, "[o]nly the State of Missouri, not [the officer], had an interest in the outcome of the criminal proceeding against [plaintiff]." *Id.* It was simply "not enough that both the state and [the officer] were interested in proving that probable cause existed." *Id.* The officer also had not had a full and fair opportunity to litigate the issue, despite acting as a witness for the prosecution, because he "had no control over" the State's presentation of its case, nor could he appeal. *Id.*

Similarly, collateral estoppel is not appropriate here because Nash was neither a party nor in privity with a party to the prior state proceedings. *See id.* at 51. Although Jennings attempts to distinguish this case from *Duncan* and *Moore* on the grounds that the underlying ruling comes from habeas corpus proceedings, not a criminal court, and that he is not seeking to establish the unconstitutionality of Nash's conduct through collateral estoppel, neither of these differences change the fact that the State, not Nash, was a party to the underlying proceedings. Despite his role as a prosecution witness, Nash did not have a full and fair opportunity to litigate the issue in the underlying proceedings as he had no control over the State's presentation of the case. *See id.* at 52.

**III.    Conclusion**

For these reasons, Jennings' motion to strike, Doc. 107, is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  August 12, 2019
Jefferson City, Missouri