# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| BRAD JENNINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-3261-CV-C-WJE |
| | ) | |
| DANIEL F. NASH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant Daniel F. Nash's objections (Docs. 210, 211) to Plaintiff's designations of certain testimony (Docs. 206, 207, 209). Plaintiff has offered a response. (Doc. 213). Defendant seeks to exclude Mr. Nash's former testimony in court proceedings and a deposition, as well as deposition testimony from Mr. Nash, Paul Cordia, and Sheriff Michael Rackley taken in the instant matter. Defendant's objections will be sustained and overruled as set forth herein.

## I. Discussion

Plaintiff seeks to admit three categories of testimony: (1) Defendant's testimony in prior court proceedings; (2) Defendant's deposition in a 2017 habeas corpus proceeding as well as his deposition in the instant matter; and (3) depositions from Mr. Cordia and Sheriff Rackley taken in the instant case. (Docs. 206, 207, 209). Defendant primarily argues that Plaintiff has not shown any of the above witnesses will be "unavailable" as defined in F.R.C.P. 32(a) or F.R.E. 804(b). The Court addresses each category of testimony in turn.

*(1) Defendant's testimony in prior court proceedings*

First, Plaintiff's designations of Defendant's prior statements that are offered against him in the instant matter are not considered hearsay and may therefore be admitted. *See* Fed. R. Civ. P. 801(d)(2)(A); *Jones v. Nat'l Am. Univ.*, 608 F.3d 1039, 1045 (8th Cir. 2010). Defendant gave sworn testimony in Plaintiff's criminal trial in 2009 and habeas proceeding in 2017. The statements he made therein that Plaintiff has designated and are offered against Defendant now are admissible.

However, Plaintiff's supplemental designations filed after the Court's deadline are excluded. (Docs. 207, 209). Plaintiff's designations were due on February 12, 2020. (Doc. 198).

Plaintiff filed supplemental designations on February 14, 2020 (Doc. 207), and February 15, 2020 (Doc. 209), without leave of the Court. Accordingly, Plaintiff's designations filed after the Court's deadlines are barred due to being filed out of time.

*(2) Defendant's prior and current deposition testimony*

Second, Plaintiff's designations of Defendant's deposition testimony given in prior matters and the instant matter is admissible. "The deposition of a party is available for use by an adverse party for any purpose." *Maddox v. Patterson*, 905 F.2d 1178, 1180 (8th Cir. 1990) (citing Fed. R. Civ. P. 32(a)(2)). Plaintiff may accordingly use designations of Defendant's deposition testimony from the 2017 habeas proceeding and the instant matter for any purpose. However, any designations filed after the Court's deadline are excluded as discussed above. (Docs. 207, 209).

*(3) Depositions from Mr. Cordia and Sheriff Rackley*

Third and finally, the Court finds the parties' designations of Mr. Cordia's deposition testimony is admissible and Sheriff Rackley's deposition testimony is inadmissible. A witness is unavailable under Rule 32(a) if the Court finds:

(A) that the witness is dead;

(B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

(C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;

(D) that the party offering the deposition could not procure the witness's attendance by subpoena; or

(E) on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(4); *see Starr v. J. Hacker Co.*, 688 F.2d 78, 81 (8th Cir. 1982) (witness was unavailable when his deposition testimony showed he resided over 100 miles away from the trial location); *cf. Fletcher v. Tomlinson*, 895 F.3d 1010, 1021 (8th Cir. 2018) (explaining an expert was shown to be "unavailable" by writing a letter to the Court that stated he would be busy in Chicago, IL, on the trial date, when the trial was in St. Louis, MO); *see also Niver v. Travelers Indem. Co. of IL*, 430 F. Supp. 2d 852, 866 (N.D. Iowa 2006) (explaining that if witnesses were made available for trial, the court would "not allow deposition testimony in lieu of live testimony," while noting excepts of the deposition could be used for impeachment) (citation omitted). Plaintiff

bears the burden under Rule 32(a) to demonstrate the unavailability of witnesses. *Synergetics, Inc. v. Hurst*, No. 4:04CV318CDP, 2007 WL 2422871, at *10 (E.D. Mo. Aug. 21, 2007) (citing *Ohio v. Roberts*, 448 U.S.56, 65 (1980) (abrogated on other grounds)).

Next, as explained above, "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee." Fed. R. Civ. P. 32 (a)(3); *see also Maddox*, 905 F.2d at 1180.

Lastly, deposition testimony may be admitted as a hearsay exception under Federal Rule of Evidence 804(b) if the witness is "unavailable," insofar that he or she:

(1) is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;

(2) refuses to testify about the subject matter despite a court order to do so;

(3) testifies to not remembering the subject matter;

(4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or

(5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure:

    (A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6); or

    (B) the declarant's attendance or testimony, in the case of a hearsay exception under Rule 804(b)(2), (3), or (4).

Fed. R. Evid. 804(a). As the party seeking to admit testimony, Plaintiff bears the burden of demonstrating the unavailability of witnesses. *See Campbell by Campbell v. Coleman Co.*, 786 F.2d 892, 895 (8th Cir. 1986) (proponent must show unavailability under F.R.E. 804(a)); *see also Witham v. Mabry*, 596 F.2d 293, 297–98 (8th Cir. 1979) (similar).

Here, Mr. Cordia's deposition testimony is admissible because he will be unavailable during the trial date. Plaintiff has stated that Mr. Cordia resides in Jefferson City, MO, which is over 100 miles from Springfield, MO. Furthermore, neither party has offered evidence or suggested he will be within 100 miles of the courthouse on the trial date, or that his absence was procured by one of the parties. Accordingly, Mr. Cordia's deposition testimony is admissible. *See* Fed. R. Civ. P. 32(a)(4)(B); *Fletcher*, 895 F.3d 1010, 1020–21 (testimony admitted under Rule 32(a)(4)(B) "need not also meet the requirements for admissibility set forth in Federal Rule of Evidence 804(b)(1)") (internal marks omitted). As a consequence, Defendant's counter-designations of Mr. Cordia's deposition are also admissible. (Doc. 210).

Next, Plaintiff has not demonstrated the admissibility of Sheriff Rackley's testimony. Plaintiff argues Sheriff Rackley's deposition testimony is admissible for any purpose. However, Sheriff Rackley is not currently a party to the instant matter and was not Defendant's "officer, director, managing agent, or designee" at the time of his deposition. Fed. R. Civ. P. 32 (a)(3). Moreover, in the joint trial brief, Plaintiff lists Sheriff Rackley's address as "Windyville, Missouri," which falls within 100 miles of the location of the trial. (Doc. 191). Plaintiff has failed to show Sheriff Rackley's unavailability under F.R.C.P. 32(a) and has put forth no evidence or argument to show the witness' unavailability under F.R.E. 804(a). Sheriff Rackley's deposition testimony is thus inadmissible based the above rules. As a consequence, Defendant's counter-designation of Sheriff Rackley's deposition is excluded. (Doc. 210).

## II. Conclusion

Defendant's objections (Doc. 210, 211) to Plaintiff's testimony designations (Docs. 206, 207, 209) are SUSTAINED IN PART and OVERRULED IN PART as set forth herein. Specifically, Plaintiff's designations of Defendant's prior testimony in court proceedings, prior deposition testimony, and deposition testimony taken in the instant case are admissible, except for Plaintiff's designations filed after the Court's deadline. Both parties' designations of Mr. Cordia's deposition are admissible, while the parties' designations of Sheriff Rackley's deposition are excluded. The Court notes the testimony described herein may still be used for impeachment purposes.

IT IS THEREFORE ORDERED.

Dated this 17th day of February, 2020, at Springfield, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge